WILLIAM H. LEINKAUF, Respondent, *v.* EMIL CALMAN et al., Appellants.

Plaintiff, a banker in Alabama, made a loan to a corporation of that state, receiving its note therefor, secured by a chattel mortgage upon certain property of the corporation, and by the transfer of a policy of insurance upon the property issued by a foreign insurance company, which was delivered to plaintiff. This policy contained the usual clause against assignments. A fire having occurred the loss was adjusted and the amount placed in the hands of the agents of the insurance company in New York city. These moneys were attached in the hands of said agents, in an action brought by defendants against the Alabama corporation. Said agents reserved sufficient to protect themselves against the attachment and paid over the balance to plaintiff. In this action against said agents to recover the amount so reserved, an order was made permitting them to deposit the moneys to the credit of the action and substituting the present defendants in their stead. Defendants opposed the right of plaintiff to recover on the ground that the policy and assignment were not sufficiently proved. *Held*, untenable; that the insurance company having recognized its liability under the policy, and plaintiff's right to claim the amount of loss, defendants could not resist that right; that the clause in the policy against assignments was simply for the benefit of the insurance company, and as it did not object, defendants were not in a position to do so; and that, as a chose in action, the policy could be assigned by parol and a delivery where there was a valuable consideration.

Plaintiff also claimed that the mortgage was not a valid obligation. *Held*, that, conceding this to be so, it did not affect the plaintiff's right of recovery as the policy was assigned, not as collateral security for the mortgage, but for the note; and this, although the mortgage contained

the agreement of the company to keep the property insured for plaintiff's benefit; also, that as the mortgage represented a promise or agreement of the corporation, through its officers, within the scope of its legitimate purposes, it must be considered as a valid contract, although not under the corporate seal; and that it was not for defendant to object to irregularities or defects in execution

(Submitted May 3, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 10, 1886, which affirmed a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought originally against Louis Monrose and John Mulville, of New York city, agents of the La Confiance Fire Insurance Company of France, to recover a sum of money alleged to have been placed in their hands to pay to plaintiff a loss covered by a policy of insurance issued by it.

Plaintiff, a banker of Mobile, Alabama, loaned to the Mobile Furniture Manufacturing Company, a corporation of that state, the sum of $12,000, taking the company's note for its repayment, secured by collaterals of a mortgage upon the company's property in its warehouses, and of a policy of insurance in the said insurance company, covering the whole or a portion of the mortgaged property. Subsequently a portion of the mortgaged property, insured by the said policy, was destroyed by fire, and the loss was adjusted under the same at the sum of $4,554.50. An attachment was levied upon these moneys in the hands of the agents, in an action brought in the New York Supreme Court by the defendants in the present action, as plaintiffs, upon a claim against the Mobile Furniture Manufacturing Company. The said agents of the insurance company paid to this plaintiff a part of the moneys in their hands, and reserved sufficient to protect themselves against the attachment. Upon this action being brought against the agents to recover the balance of moneys so retained by them, an order was made permitting them to deposit the moneys to the credit of the action, and subsituting the present defendants in their stead.

*Stine & Calman* for appellants. It was error to allow the witness Monrose to state the contents of the policy, it being possible to produce the policy itself. (*Kearney* v. *Mayor, etc.,* 92 N. Y. 620.) A waiver of a part of a claim against the principal is also a waiver of the claim to that extent against the surety. (*Wheelwright* v. *De Peyster,* 4 Edw. Ch. 232; *Lynch* v. *Reynolds,* 16 Johns. 41; *Weller* v. *Kelsey,* 25 How. 384; *Vose* v. *Railroad Co.,* 50 N. Y. 369; *Hinckley* v. *Kreitz,* 58 id. 583; *Grow* v. *Garlock,* 14 Abb. N. C. 487; 2 Hare & Wallace Lead. Cas. in Eq. 370; *Underhill* v. *Palmer,* 10 Daly, 478.) Under the law of Alabama, where one creditor has two funds to fall back upon, and another has only one, the former must first exhaust the one on which the other has no claim, especially where this is a primary fund, and the other a mere security. (*Gordon & Stokes* v. *Bell,* 50 Ala. 219; *Nelson* v. *Dun,* 15 id. 501; *Chapman* v. *Hamilton,* 19 id. 121; *Relf* v. *Bibb,* 43 id. 519; *Henderson* v. *Huey,* 45 id. 275; *Perrime* v. *Insurance Co.,* 22 id. 575: 2 Brick. Dig. 253, § 65; *Ware* v. *Russell,* 74 Ala. 178; *Hunt* v. *Redd,* 64 id. 85.)

*William Man* for respondent. The delivery, with the intention and agreement to assign expressed in the mortgage, constitutes a complete and valid assignment of the policy. (*Runyon* v. *Mersereau,* 11 Johns. 534; *Green* v. *Insurance Co.,* 84 N. Y. 572.)

GRAY, J. The appellants opposed the plaintiff's right to recover the moneys in the insurance agent's hands, which represented the balance of the sum at which the loss under the policy was adjusted, on several grounds, but there are only two which are material to be considered here. They say that the policy of insurance and the assignment thereof were not sufficiently proved, and that the mortgage to plaintiff was void for defective execution.

As to the first of these grounds of objection to the recovery, we think the appellants have misapprehended their situation in the matter, relatively to the plaintiff's claim upon the insurance company.

The agreement between the plaintiff and the Mobile Furniture Manufacturing Company was that the repayment of the loan to them was to be secured by a mortgage of their personal property and by the transfer of a policy of insurance, insuring that property, or portions of it, against loss by fire. The policy was not collateral to the mortgage, but was collateral to the note promising to repay the loan. When the plaintiff made his claim upon the insurance company under the policy, which had been delivered to and retained by him, pursuant to the agreement I have mentioned, the insurers recognized it and transmitted the sum, at which the loss was adjusted, to their agents in New York for payment. If the insurance company recognized their liability under the policy and the right of the plaintiff to claim for the amount of the loss, it does not lie in the defendants' mouths to resist that right of the plaintiff, if, prior to their attachment, plaintiff's title had attached to the moneys. We think the policy was not material to be proved, inasmuch as its existence as a liability of the company had been admitted by it by the adjustment of the loss and the remittance of the moneys. The policy was surrendered then and forwarded to the home office in France, as the voucher for the payment of the amount of the loss. The witness merely proved the fact that there was such a policy issued by the La Confiance Company to the Mobile, etc., Company, which had come to his possession as agent, and had been sent to France, upon payment of the loss, and that there was noted on the policy an assignment to the plaintiff.

The referee's finding that the policy was procured and delivered to the plaintiff when the loan was made, was supported by the evidence, and that plaintiff held the policy until the fire occurred and the loss was adjusted. It was admitted that the policy contained the usual clause against assignments. But this clause in policies is for the benefit of the insurance company, and if they do not object to the assignment, the defendants certainly are not in a position to do so, as it is not a provision which would enure to their benefit. The proof

shows that the policy belonged to plaintiff, and was held by him as a collateral security for repayment of the loan, and, under the authorities, as a chose in action, it was capable of being assigned by parol and a delivery, where there was a valuable consideration. (*Hooker* v. *Eagle Bank*, 30 N. Y. 83–87; *Greene* v. *Republic, etc., Ins. Co.*, 84 id. 572.)

As to the second ground of defendants' objections which I have noted, that the mortgage to plaintiff was void, I do not think that question affects the plaintiff's right of recovery. The point taken is that it was not acknowledged or verified in any way, and that it was not a valid obligation of the Mobile, etc., Company.

The proof shows that the mortgage was signed and sealed by certain individuals representing themselves as the president and directors. It purported, by its terms, to be the act of the company through its president and directors, under power and authority given to those officers by the stockholders, at a meeting previously held, where a resolution authorizing its execution for the purpose of borrowing the moneys in question from plaintiff had been adopted.

It is not necessary for us to decide in respect of this instrument further than that it represented a promise or agreement of the corporation, within the scope of its legitimate purposes,. through its officers, and must be considered as a valid contract, though not bearing its corporate seal. It was a memorandum in writing evidencing a corporate act and making the corporation liable to the plaintiff, and it is not for the defendants to object to irregularities or defects of execution. The doctrine that no corporate act can be binding without being in writing, or under the corporate seal, has long ceased to be maintained. (Angell & Ames on Corp. § 231; *Danforth* v. *Schoharie Turnpike Co.*, 12 Johns. 227; *Trustees of St. Mary's Church* v. *Cagger*, 6 Barb. 576; *Moss* v. *Averell*, 10 N. Y. 449, 454.) But a sufficient answer to the appellants' argument is that the plaintiff's right to the policy or to its proceeds did not depend on the mortgage. Though the mortgage contained the agreement of the company to keep its property insured

against loss by fire for the plaintiff's benefit, it did not affect the policy itself as an additional collateral security available to plaintiff. The clause was nothing more than the promise of the company expressed in the instrument to provide further for plaintiff's security in loaning money to them. The learned referee disposed rightly of the case and his opinion covered all the points made by the defendants in such wise as to make further notice of them by us unnecessary..

The judgment and order appealed from should be affirmed.

All concur.

Judgment affirmed.