The following is the opinion at special term:
O’Brien, J.
Both parties claiming the fund in this case have equal equities, and, under such circumstances, one of two innocent parties must suffer by reason of the wrong or fraud committed by a third person. The plaintiff seeks to obtain a discharge from the conflicting claims of the defendants to a policy of insurance issued by the plaintiff in 1874 on the life of John H. Fry, which was payable to his wife, Margaret. Thereafter, and in September, 1874, John H. Fry, claiming to act as the attorney of his wife, assigned the policy to one John M. Nichols to secure a promissory note for $2,207. In March, 1880, the policy, having become forfeited by lapse of more than one year without payment of any premiums, was accepted by the insurance company by way of surrender, and a new paid up policy for $3,095, the policy in controversy, was issued. At the time of this transaction Fry and Margaret, his wife, addressed a letter to John M. Nichols, requesting him to take and surrender the old policy then in his possession to the company and receive the new paid up policy to be issued in its place.
Long after these transactions Margaret Fry assigned the policy in question to the defendant Mary Van Campen in consideration of $3,095. On the faith of this latter assignment Harriet Eads, another of the defendants, loaned to Mary E. Van Campen the sum of $2,593, and now appears as claimant to the policy to the extent of her advance, and Mary E. Van Campen claims the balance.
To determine the rights of the parties to the fund, the equities being equal, resort must be had to the rule - that the legal title which is prior in point of time must prevail. Unless, therefore, there was a valid legal assignment of the policy by Margaret Fry to Nichols, the other claimants would be entitled to the fund by virtue of the assignment of the policy duly and regularly executed *1126 by Margaret Fry to Mary Van Campen. The question then is, was the policy duly assigned to John M. Nichols either absolutely or as security for moneys loaned or premiums paid on the policy ? It is not disputed but that in September, 1874, Nichols paid the premiums on the policy, amounting to $274.64, and on the same day, claiming to act under a power of attorney from his wife, John II. Fry assigned the policy to Nichols to secure the payment of his note. Thereafter Nichols appears to have paid the premium on the policy for the years 1875, 1876 and 1878. The amount for which the new policy was issued was determined by the surrender of the old policy and the amount of premiums paid thereon. The new policy thus owes its existence to the old policy, having been kept alive and in force for a certain period by the payment of premiums and by a surrender thereof to the plaintiff. Substantially, therefore, the new was a substitution for the old policy, and if the title to the latter by assignment vested in Nichols, he was equally vested with the title to the new policy. It has been urged with much force, assuming that the wife by power of attorney had authorized the assignment by the husband, that the same is invalid, for the reason that she was under a disability created by the acts of 1840, chap. 80, and 1873, chap. 821, which prevents a married woman having children from assigning a policy of insurance.
There are two answers to this objection: one, that the wife alone, or her personal representatives, could seemingly take advantage of such disability in order to avoid the assignment; secondly, after such disability was removed by chap. 248 of the Laws of 1879, the assignment, being at most voidable and not void, was ratified by the wife. In the case of Smillie v. Quinn, 90 N. Y., 497, it is said: “But if she does not seek to avoid the assignment and reclaim the policies, or to secure the moneys due upon them, she could not be compelled to. * * * It will do her no good,
and do her family no good, if creditors or strangers are permitted to come in and assert the invalidity of the assignment for the purpose of sweeping away the amount of the insurance.” See, also, Frank v. The Mutual Life Ins. Co., 102 N. Y., 267; 1 N. Y. State Rep., 681.
The act of 1879 conferred full power upon the wife to assign, even though there were children, provided the 'husband consented to the assignment. The wife, by letter of February 24, 1880, ratifies and recognizes the prior assignment made by her husband while assuming to act as her agent. It is well settled that a subsequent adoption or ratification is equivalent to a prior authority.
The original assignment to Nichols is acknowledged in form according to the statute, and the notary’s certificate states that the original power of attorney was produced. In this case, therefore, after the disability was removed by the act of 1879, instead of seeking to avoid the assignment the wife expressly ratified it, and it seems difficult to escape the conclusion that it made the assignment of the old policy to Mr. Nichols valid and effectual. It is conceded, however, that the assignment was not an absolute one, but was given as security originally for a note of the hus-. *1127 band. Undoubtedly, upon the strength of this assignment, Nichols paid the premiums for the subsequent years. But neither from her letter in 1880, or the other evidence in the case, is it shown that the wife agreed to the assignment for the purpose of paying the note of the husband. Holding the assignment, however, as collateral security, and producing his checks and the company’s receipts, thus raising the presumption that he paid the premiums with his own funds and thus kept the policy alive, he (Nichols) should be entitled to credit for such payments necessarily made to preserve the policy. It should be remembered, moreover, that Nichols at all times was in possession of the old, as he subsequently came into and retained possession of the new policy, which circumstance, using reasonable care and diligence, the defendant claiming the fund would have discovered.
My conclusion, therefore, is that the assignment to Nichols was valid and effectual, to the extent that it entitled his administratrix to the sum paid for premiums, and that only the surplus remaining should be paid to one of the other defendants, Harriet Eads.
Judgment accordingly.
John W. Weed, for app’lt; Henry D. Van Orden, for resp’t.
Per Curiam.
The judgment should be affirmed upon the opinion of the court at special term.
Yak Brunt, P. J., Barrett and Bartlett, JJ., concur.