(13 App. Div. 529.)

## FULLER v. KENT.

(Supreme Court, Appellate Division, Fourth Department.  January 27, 1897.)

1. INSURANCE—ASSIGNMENT—ASSIGNEE'S INSURABLE INTEREST.
   Insurance on the life of a husband for the benefit of his wife may be assigned to a person having no insurable interest in the husband's life, under Laws 1879, c. 248, § 1, providing that such insurance may be assigned "to any person whomsoever."

2. SAME—CONSENT OF INSURER TO ASSIGNMENT—WAIVER.
   A provision in a life insurance policy that any assignment thereof shall be void unless consented to by the insurer cannot be urged by an assignor of the policy to defeat the claim of the assignee, when the insurer makes no defense, but pays the amount of the policy into court, to await a determination of the adverse claims.

Appeal from special term, Niagara county.

Action by Lyman G. Fuller against Kate E. Kent and the Bay State Beneficiary Association to determine adverse claims to an insurance policy on the life of James V. Kent.  The beneficiary association paid the amount of the policy into court, and was discharged.  From a judgment entered on a decision of the trial judge in favor of plaintiff, defendant Kent appeals.  Affirmed.

In June, 1895, the plaintiff commenced this action against the Bay State Beneficiary Association and Kate E. Kent.  The association was organized under the laws of the state of Massachusetts; and it, on the 11th day of January, 1892, issued and delivered to James V. Kent its contract or policy in writing, in consideration of the sum of $15 and the sum of $8, to be paid annually on the 1st of July in each year, and $6.81 when an assessment should be required for death claim, and, in its policy, contracted with James V. Kent, upon satisfactory proof of a valid claim under the contract upon the death of James V. Kent, that it would pay to Kate E. Kent, wife of the said James, if living, if not, to his executors, in trust, for his heirs at law, the sum of $3,000.  It was alleged in the complaint that on the 24th day of February, 1892, Kate E. Kent, the wife, executed and delivered to the plaintiff an assignment in writing of all her right, title, and interest in the policy of insurance, and that such assignment was made with the written consent of her husband, the said James V. Kent, who at the same time executed such written consent to the assignment; and it is alleged that the plaintiff thereupon became, and still is, the owner of the policy or certificate of insurance, and entitled to the payment of the amount due thereon.  It is alleged that a copy of the complaint and consent were attached to the complaint; and that notice of the assignment was given by the plaintiff to the association long prior to the death of James V. Kent; and that the plaintiff performed all the conditions on his part in relation to the assignment.  It is alleged that on the 18th of December, 1894, James V. Kent, the person upon whose death said certificate or policy was payable, died, in the county of Erie; and that prior to the 25th of February, 1895, satisfactory proofs of death and of a claim under the policy were furnished to the

association. Pursuant to an order of the court made on September 7, 1895, the association paid the sum of $3,000 to the clerk of Niagara county, in which county the action was originally brought, to the credit of this action, "for the benefit of whichever of the two said parties should finally be adjudged to be entitled thereto"; and it was released of all obligation either to the plaintiff or to the defendant upon the policy of insurance, and the name of the association was stricken from the action. The answer of the appellant contains several denials, and only alleges one defense, in the language following: "That she has never knowingly executed any assignment of the said policy of insurance, or of her interest therein, to the said plaintiff, or any other person; and that if said assignment alleged to have been executed by her, and delivered to said plaintiff, as set forth in said complaint, is signed or executed by her, that the same was procured without her knowledge or consent, and through fraud, misrepresentation, duress, and undue influence." And she asked that the assignment be declared void, and that she be entitled to recover the whole sum of $3,000 and interest. The plaintiff served a supplemental complaint, and demanded in it that he recover against the defendant Kate E. Kent "the amount so deposited." A trial was had at special term, and a decision was made, awarding to the plaintiff $2,000, and to the defendant $1,000; and the appeal is by Kate E. Kent from the judgment entered upon the decision in Niagara county.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Le Roy Parker, for appellant.
James P. Lindsay, for respondent.

HARDIN, P. J.  February 24, 1892, appellant executed a written assignment of all her interest in the policy to the plaintiff, in which she guarantied the validity and sufficiency of the assignment. Subjoined to her assignment was a written instrument executed by James V. Kent, wherein he consented to the assignment, and guarantied the validity and sufficiency of it.  On the 25th of February, 1892, Kate E. Kent, and James V. Kent, her husband, appeared before one Hurley, a notary public, and severally acknowledged the execution of the assignment and the consent, and the notary public made the usual certificate thereof.  The due execution of the assignment and of the written consent was found by the trial court to be sufficient to carry the legal title of the policy to the plaintiff.

Chapter 248 of the Laws of 1879 authorized such an assignment to be executed when accompanied by a written assent on the part of the husband.  Anderson v. Goldsmidt, 103 N. Y. 617, 9 N. E. 495; Cooke, Life Ins. p. 141, § 78; Insurance Co. v. Van Campen (Sup.) 11 N. Y. Supp. 103; Insurance Co. v. Archer, 122 N. Y. 376, 25 N. E. 338; Spencer v. Myers (Sup.) 26 N. Y. Supp. 371.  The latter case is also an authority for holding that the statute of 1879 "applies not only to policies actually made and delivered within the state, but also to policies made outside the state."  That statute was in force when the assignment and consent were given. It was repealed by chapter 272 of the Laws of 1896, and a somewhat similar provision was re-enacted.

In Miller v. Campbell, 140 N. Y. 457, 35 N. E. 651, in the course of the opinion delivered by Gray, J., he said:

"And finally, in 1879 (chapter 248 of the Laws of 1879), the legislature removed the restrictions upon her power to assign."

It was provided in section 1 of chapter 248 of the Laws of 1879 that all policies of insurance should be "assignable by said wife, with the written consent of her husband, * * * ι to any person whomsoever, or be surrendered to the company issuing such policy with the written consent of the husband."

In Olmsted v. Keyes, 85 N. Y. 593, it was said that:

"Where a person takes out a policy of insurance upon his own life, and the amount is made payable to another having no interest in the life, or where the insured assigns his policy to one having no such interest, the beneficiary or the assignee may hold and enforce the policy, if it was valid in its inception, and was procured or the assignment made in good faith."

Living v. Domett, 26 Hun, 150, is to the same effect. The latter case was referred to with approval in Cannon v. Insurance Co., 29 Hun, 472.

In Harvey v. Van Cott, 71 Hun, 399, 25 N. Y. Supp. 29, affirmed on the opinion of Parker, J. (149 N. Y. 579, 43 N. E. 987), it was said:

"The act of 1879 conferred upon her full power to assign it in any manner, even though she had children, provided her husband consented in writing to the transfer."

Appellant calls our attention to a clause in the policy permitting it to be assigned to any party having an insurable interest in the life of a member, which provision contains the following language:

"But every assignment shall be absolutely void unless it is assented to by the proper officers of the association in writing. · * * *"

The appellant is in no situation to deprive the respondent of his legal rights by reason of the words of limitation in the certificate. The association has waived any defense it might have had to the action by reason of that clause, by voluntarily paying the money into court, for the benefit of the parties to the action, recognizing the validity of the certificate; and no question can be successfully raised by the appellant as to the limitation found in the clause just quoted. When the appellant executed the assignment, and there was coupled with it the consent of her husband, in writing, duly acknowledged, they were sufficient to vest the ownership of the certificate or policy in the respondent.

Contemporaneous with the execution of the assignment and the written assent by the husband, the respondent executed a bond to the appellant in the penal sum of $1,000, which bears date the 25th day of February, 1892, and the same was delivered to the husband of the appellant, and kept in his possession, or the possession of his wife, until the occurrence of his death. The condition clause of the bond was as follows:

"Whereas, James V. Kent, the husband of said obligee, has become insured, on his life, in the Bay State Beneficiary Association of Westfield, Mass., in the sum of three thousand dollars, the number of said policy being 22,056, and the above obligee is made the beneficiary under said policy, and the same, with all her right, title, and interest therein, has this day been assigned to the said obligor; and the said James V. Kent and Kate E. Kent have agreed to do all acts necessary and requisite to be done on their part, to allow the said Lyman G. Fuller to receive the benefit under said policy, as hereinafter stated, upon his making pay-

ment to said company of all dues, assessments, premiums, and other charges arising from said policy, or connected therewith: Now, the condition of this obligation is such that if the said Lyman G. Fuller, his heirs, executors, administrators, or assigns, upon the death of James V. Kent, shall pay to said obligee the sum of one thousand dollars when the sum of three thousand dollars shall have been received by him, or, if three thousand dollars shall not be received by him on said policy, then one-third of the amount so received, they having performed their agreement as above mentioned, and as mentioned in said assignment to said obligor, then this bond or obligation to become void, else to remain in full force or virtue.

"[Signed]                                              Lyman G. Fuller."

It is stated in a letter written by the appellant's attorneys, bearing date September 7, 1895, viz.:

"Mrs. Kate E. Kent, of this city, found among her husband's papers a bond which appears upon its face to be executed by Lyman G. Fuller to Kate E. Kent, on the 25th of February, 1892, for the sum of $1,000, to be paid to the said Kate E. Kent."

Manifestly, the letter refers to the bond from which the quotation has just been made. It seems from the evidence that, after the execution of the bond, it was taken to the residence of Kent, and was there kept, and was found in his house at the time of his death. It appears that the assessments upon the policy were all kept up during the lifetime of the deceased. Mr. Litchfield, secretary of the association, testifies that the total amount paid upon the policy since the same was issued, for dues and assessments, was $151.05. He also testifies that the premiums were paid promptly, the first one having been paid in May, 1892, and that the last payment was made in December, 1894, and that the notices and receipts were sent to the address of the insured, as it appeared upon the books, to wit, "No. 317 Tyron Place, Buffalo." It appears from the evidence that on September 12, 1894, Mr. Kent was in bed, and addressed a letter to the plaintiff in the following words:

"Friend Fuller: I am still in bed, not seeming to gain any strength. * * * Inclosed I send you the usual little bimonthly greeting. If you are in town, and have time, call and see."

On another occasion, Mr. Kent addressed the following line to the plaintiff:

"Nov. 28th, 1893.

"L. G. Fuller—Dear Sir: I inclose the card for insurance association.

"J. V. Kent."

On another occasion, to wit, March 21, 1893, Mr. Kent addressed the following note to the plaintiff:

"L. G. Fuller, Esq., Tonawanda—Dear Sir: I received from you this morning the assessment card only, but two pin holes through it, and did not know what to think of it. Will you please write me at once, and oblige,

"Yours, &c.,                                J. V. Kent."

The circumstances and evidence to which we have referred warranted the trial judge in finding that the defendant executed the assignment, and that she had knowledge of the arrangement entered into between her husband and the plaintiff in her behalf. The trial judge found, viz.:

"The evidence is convincing that she executed the assignment, and the fair inference from the testimony and circumstances is that she had full knowledge of its

contents, or is chargeable with full knowledge thereof. She seems to have intrusted her business affairs entirely to her husband, in whom she had full confidence; and he, evidently being unable to meet the payments falling due on the policy, negotiated the assignment and the bond agreement with the plaintiff, for the purpose of having the plaintiff keep up the dues and assessments, and thus keep the policy from lapsing, with the understanding that the plaintiff, in consideration thereof, should have, for his own benefit, two-thirds of the insurance at Kent's death."

We are of the opinion that the trial court was warranted in finding that the assignment was valid between the parties, and that the assignment was executed without any fraud or fraudulent intent. We are also of the opinion that the evidence warranted the trial court in finding that the policy was not originally procured for the purpose of assigning it, and that the assignment was valid in its inception, and that the plaintiff was entitled to hold two-thirds of the insurance moneys, and the defendant was entitled to hold one-third of the insurance moneys, as stated by the trial judge in his conclusions of law.

Plaintiff was called as a witness in his own behalf, and in respect to some of his testimony the defendant interposed an objection that he was prohibited by section 829 of the Code of Civil Procedure from giving any personal communications or transactions had with the deceased. The objection was overruled, and subsequently there was a motion to strike out any of the evidence relating to any personal transactions held with the deceased. We are of the opinion that it is not necessary to determine whether he was a competent witness in respect to all the evidence which he gave relating to the policy and the payments made thereon, as we are of the opinion that if his evidence, which is debatable, is stricken out of the case, there is ample evidence to sustain the conclusions reached by the trial judge.

We have looked at some other exceptions taken during the progress of the trial, and are of the opinion that they do not present any prejudicial error. We think the conclusion reached by the trial judge is in accordance with the evidence and the law of the case, and should be sustained.

Judgment affirmed, with costs. All concur.