result of the plaintiff's breach thereof. Bernstein v. Meech, 130 N. Y. 354, 29 N. E. 255.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

### GITLIN v. STONE.

(Supreme Court, Appellate Term. December 8, 1910.)

EVIDENCE (§ 513*)—EXPERT EVIDENCE—ADMISSIBILITY.

Where, in an action for work performed, defendant alleged that the work was plumbing work, and that plaintiff was not a plumber, and had not complied with the laws of the building and tenement house departments of the city of New York, and therefore could not recover, and it was impossible to determine from the items sought to be proved what was and what was not plumbing work, expert testimony that the work performed was plumbing work was admissible.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 513.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action for work, labor, services, and materials furnished by Meyer Gitlin against Abraham Stone. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Nathan H. Stone, for appellant.
Herman B. Goodstein, for respondent.

GAVEGAN, J. The defendant contends that the work performed by plaintiff was "plumbing" work, and that, inasmuch as plaintiff is concededly not a plumber and has not complied with the laws of the building and tenement house departments of the city of New York, he cannot recover for the work performed. Schnaier v. Grigsby, 132 App. Div. 854, 117 N. Y. Supp. 455.

At the trial defendant offered to prove by expert testimony that the work performed was "plumbing" work, but the trial judge refused to receive the evidence. It is impossible to determine, from the items sought to be proved, what is and what is not plumbing work, and it was error to exclude evidence on that point; it being a question of fact. Johnston v. Dahlgren, 166 N. Y. 354, 59 N. E. 987.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

(69 Misc. Rep. 616.)

### LA SPINA v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term. December 8, 1910.)

1. COURTS (§ 188*)—MUNICIPAL COURT OF THE CITY OF NEW YORK—JURISDICTION.

The Municipal Court of the City of New York is a court of limited jurisdiction, its powers being purely statutory; and if it transcends the jurisdiction conferred by statute its judgment or order will be void.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COURTS (§ 189*)—MUNICIPAL COURT—VACATION OR MODIFICATION OF JUDG-
MENT.

The only power possessed by a justice of the Municipal Court of the
City of New York to vacate, amend, or modify a judgment is conferred
by Municipal Court Act (Laws 1902, c. 580) § 254; Code Civ. Proc. §
999, giving a trial judge authority to entertain a motion to set aside the
verdict or a direction dismissing the complaint and grant a new trial,
applying only to actions in the Supreme Court, the City Court of the City
of New York, or a County Court, under section 3347, subd. 7.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

3. COURTS (§ 189*)—MUNICIPAL COURTS—ORDER VACATING JUDGMENT.

Under Municipal Court Act (Laws 1902, c. 580) § 254, giving a justice
of that court authority to set aside the verdict of a jury, or to vacate,
amend, or modify any judgment rendered upon a trial by the court with-
out a jury, such justice has no power to vacate a judgment dismissing the
complaint.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

4. COURTS (§ 190*)—MUNICIPAL COURT—APPEALABLE ORDER.

An order of a Municipal Court justice vacating a judgment of dismissal,
not being mentioned in Municipal Court Act (Laws 1902, c. 580) §§ 253 to
256, inclusive, specifying the orders of such court which shall be appeal-
able, such order is not reviewable upon an appeal taken directly there-
from.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, First Dis-
trict.

Action by Salvatore La Spina against the Pennsylvania Railroad
Company. From an order vacating a judgment of dismissal and
ordering a new trial, defendant appeals. Dismissed.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Burlingham, Montgomery & Beecher (Norman B. Beecher, of
counsel), for appellant.

Amedeo A. Bertini (Milton M. Goldsmith, of counsel), for respond-
ent.

PLATZEK, J. This action was tried before the court with a jury.
At the close of the plaintiff's case, upon motion of the defendant's at-
torney, the complaint was dismissed, and judgment was entered ac-
cordingly. Subsequently the plaintiff moved for an order vacating
the judgment and setting the case down for trial, which motion was
granted, and from the order thus made this appeal is taken.

The Municipal Court is a court of limited jurisdiction. Its powers
are purely statutory, and if it transcends the jurisdiction conferred
by statute its judgments or orders will be void. "In their organic
power they take nothing by implication." Gillin v. Canary, 19 Misc.
Rep. 594, 596, 44 N. Y. Supp. 313, 315. The only power given to
a justice of the Municipal Court to "vacate, amend, or modify any
judgment" rendered by him is conferred by section 254 of the Mu-
nicipal Court act (Laws 1902, c. 580). Ryan v. Brown, 51 Misc. Rep.
67, 99 N. Y. Supp. 868. The provisions of section 999 of the Code of
Civil Procedure cannot be made applicable, as that section applies

only to actions in the Supreme Court, the City Court of the City of New York, or a County Court. Section 3347, subd. 7, of the Code. By virtue of the provisions of section 254 of the Municipal Court act, a justice of that court may set aside the verdict of a jury, or he may vacate, amend, or modify any judgment rendered upon a trial by the court without a jury.

The act of the justice in this case granting the order aforesaid comes within neither of the above enumerated cases. If the dismissal of the complaint was improper, the plaintiff's remedy was to have appealed from the judgment entered upon such dismissal. The order vacating the judgment was unauthorized, and the court below was without jurisdiction to make it. It is not, however, reviewable upon an appeal taken directly therefrom, as it is not one of the orders mentioned in sections 253, 254, 255, or 256 of the Municipal Court act, and only such orders as those specified therein are appealable. White v. Lawyers' Surety Co. (Sup.) 84 N. Y. Supp. 247; Spiegelman v. Union Ry. Co., 95 App. Div. 92, 88 N. Y. Supp. 478; Levy v. Warschauer (App. Term, Oct. 1910, not yet officially reported) 125 N. Y. Supp. 625.

Appeal dismissed, with $10 costs. All concur.