MARY CONSIDINE, Plaintiff, v. CATHERINE CONSIDINE, Defendant. MARY CONSIDINE, Appellant, v. CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Defendant, and CATHERINE CONSIDINE, Interpleaded and Substituted as Defendant in Place and Stead of CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Respondent.— The action is to determine the respective rights of the parties to the avails of a life insurance policy paid into court by the insurance company, which has interpleaded. The plaintiff, the mother of the insured, claims as the named beneficiary. The respondent, to whom the insured was married several years after the issuance of the policy, claims by virtue of an oral assignment and delivery of the policy to her, of which she retained possession. The decision in the second entitled action determined that the plaintiff had no interest in the policy or in the avails thereof but that the defendant was entitled thereto. Judgment was entered accordingly and the first entitled action was dismissed. The plaintiff has appealed from the judgment in so far as it determined the rights of the parties to the avails, but there is no appeal from that part of the judgment which dismisses the complaint in the first action. The plaintiff also seeks to review an order denying the motions of both parties for a summary judgment, entered October 7, 1937, by appealing from the part of the order which denies the plaintiff's motion. That appeal seems to be belated, but it may have been timely taken. The appeal from the judgment disposes of the entire question. The facts are not in dispute.

Shortly after the marriage of the insured to the respondent there was evident arrangement between them to provide for security for the other. The husband transferred an account in his own name in a savings bank to a joint account. The wife, having a $1,000 twenty-year endowment life insurance policy, with her mother named as beneficiary, had the policy changed to name her husband as beneficiary. This occurred on January 26, 1937. The insured met his death by an accident on February fifth, less than four months after the parties had been married. From these facts it might be inferred that the insured had the purpose of making a change of beneficiary. At any rate, he orally assigned the policy to his wife and delivered possession to her of this $1,000 fifteen-year endowment policy issued in 1927. There were in the policy provisions reserving the right of the insured to change the beneficiary, regulating the manner in which such change might be made, as well as for formal assignments. These were obviously for the protection of the company that it might not incur a double liability. In this case all these provisions were waived on its part when the company interpleaded, paid the money into court and left the claimants to settle the controversy between themselves. (*Fuller* v. *Kent*, 13 App. Div. 529; *Moskowitz* v. *Equitable Life Assurance Society*, 252 id. 75; *Greenfield* v. *Massachusetts Mutual Life Ins. Co.*, 253 id. 51.) The rule is otherwise when the insurer resists payment and all the necessary parties are not before the court. (*Schoenholz* v. *New York Life Ins. Co.*, 234 N. Y. 24.) An insurance policy is a chose in action, governed by the same principles applicable to other agreements involving pecuniary obligations. (*St. John* v. *American Mutual Life Ins. Co.*, 13 N. Y. 31, 39.) Assignments thereof are not necessarily void because they are not made in a prescribed form and with the consent of the insurer. (*Marcus* v. *St. Louis M. Life Ins. Co.*, 68 N. Y. 625.) An oral assignment accompanied by delivery is valid if established by sufficient evidence. (*Griffin* v. *Prudential Ins. Co.*, 43 App. Div. 499; see, also, *Ward* v. *N. Y. Life Ins. Co.*, 225 N. Y. 314, wherein the right to make oral assignment is not questioned but the proof was held insufficient.) In this case the claim of the plaintiff was tenuous at best, for it was an endowment policy primarily for the benefit of the insured, with right to change the beneficiary at will. The plaintiff took no vested interest in the policy during the lifetime of the insured. (*Smith* v. *N. B. Society*, 123 N. Y. 85, 88.) Judgment, in so far as an appeal is taken therefrom, unanimously affirmed, with costs. In view of this decision the appeal purported to be taken from the order of October 7, 1937, is dismissed, without costs. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.