ÆTNA LIFE INSURANCE COMPANY, Plaintiff, *v.* MARY CARNEY and AGNES CARNEY, Defendants.

Supreme Court, Erie County, January 20, 1939.

*Locke, Babcock, Hollister & Brown* [*Evan Hollister* of counsel], for the plaintiff.

*George J. Evans,* for the defendant Mary Carney.

*Leonard R. Lipowicz,* for the defendant Agnes Carney.

MALONEY, J. On January 15, 1936, Ætna Life Insurance Company issued to Thomas F. Carney certificate No. 353 group life insurance policy No. 5703-A and group disability insurance No. GS-3587-A, in the sum of $1,000 payable in the event of death to Mary Carney, his sister, subject to change as therein provided.

On September 8, 1937, insured changed the beneficiary of his policy by executing a change of beneficiary in writing designating his wife, Agnes Carney, beneficiary. Such change of beneficiary reached the home office of the company on September 13, 1937.

Thomas F. Carney died on September 9, 1937.

Claims for the fund were made by the widow, Agnes Carney, and Mary Carney, the sister.

The group policy provides as follows: " Any employee insured hereunder may by written request designate a new beneficiary as often as desired; such designation to become effective only upon receipt of same at the Home Office of the Company."

On December 9, 1937, the company commenced an action in interpleader against the widow, Agnes Carney, and the sister, Mary Carney. January 7, 1938, an order was so made, the fund was deposited into court, and the company was discharged from any further liability.

The right to change the beneficiary was reserved by the insured in the policy. Insured was clearly acting within his right when he substituted his wife in the place of his sister. Whatever rights the beneficiary had before the insured's death were contingent and revocable at his will. (*Schoenholz* v. *New York Life Ins. Co.,* 234 N. Y. 24.)

The interest of the beneficiary is a mere expectancy subject to be defeated either by a change of designation by the insured or by the failure of the beneficiary to survive the insured. (*Southwell* v. *Gray,* 35 Misc. 740.) In *Fink* v. *Fink* (171 N. Y. 616, at p. 622) the court said, " The right of the member to make the change is absolute and the beneficiary can neither prevent it by objecting, nor promote it by consenting." (*Moskowitz* v. *Equitable Life Assur. Soc.,* 252 App. Div. 75; *Wagner* v. *Thieriot,* 203 id. 757; affd., 236 N. Y. 588; *Rawls* v. *Penn Mutual Life Ins. Co.,* [C. C. A.] 253 Fed. 725; *Considine* v. *Considine,* 255 App. Div. 876.)

The policy provides " such designation [a new beneficiary] to become effective only upon receipt of same at the Home Office of the Company."

The order of interpleader aforesaid is in effect a waiver of the provision of the policy last aforesaid. In the case of *Matter of Chatham Phenix National Bank & Trust Co.* (232 App. Div. 598) the court said, " The provision requiring written assent by the insurance company was solely for its own benefit. It could be waived by the insurer, and a prior designee would not be heard to complain. If the action had been brought against the insurance company and it had rested its defense upon its lack of consent, a different situation would be presented. But it is not defending here. It has waived the requirement of its written approval and leaves it to this court to determine which of these parties is entitled to the proceeds of the policies."

The insured had the right to designate his wife as his beneficiary without a strict compliance with the terms of the policy, and this is particularly true where the insurance company has waived its rights to compel strict compliance with the provision of the policy.

*Considine* v. *Considine* (*supra*). The regulations as to the manner in which such change might be made " were obviously for the protection of the company." " In this case all these provisions were waived on its part when the company interpleaded, paid the money into court and left the claimants to settle the controversy between themselves." (*Levy* v. *New York Life Ins. Co.*, 238 App. Div. 711; *Rothstone* v. *Norton*, 231 id. 59; affd., 256 N. Y. 601.)

In Bacon on Life and Accident Insurance (4th ed.), section 406, the subject is considered. It is there stated: " Although the rule is settled that change of beneficiary must be made in the manner prescribed by the laws of the society, with some exceptions it is also now equally well settled that the society may waive compliance with the required formalities."

When an insured has done all within his power to effect a change of beneficiary of life policy, the courts will give effect to his intention.

The insured herein to effect the change of beneficiary signed a blank supplied by the company. It was forwarded to the home office for one purpose only, namely, to change the records in the company's office. In fact the company substituted the name of Agnes Carney, wife, as beneficiary in the place and stead of Mary Carney, sister. When the company received the certificate and direction for the change of beneficiary, there remained only the performance of a ministerial act on the part of the agents of the company.

The leading case upon this subject is *Luhrs* v. *Luhrs* (123 N. Y. 367).

It has even been held that the mere execution of a written change of beneficiary was sufficient to effect the change. (*Matter of Mackintosh*, 140 Misc. 12; *Lahey* v. *Lahey*, 174 N. Y. 146.)

" It may, however, be safely said to be a well-established proposition of the law that where an insured, in attempting to change the beneficiary in his certificate or policy, has done everything in his power to conform to prescribed conditions and formalities, but dies before completion thereof, the desired change will be deemed effected so as to cut off the contingent rights of the deposed beneficiary, especially if all that remains to be done is some purely ministerial duty on the part of the officers or agents of the insurer." (2 Couch on Insurance, § 323.)

The indorsing of the change of beneficiary upon the policy is ministerial only. (*Baley* v. *Prudential Ins. Co.*, 147 Misc. 488; *White* v. *White*, 194 N. Y. Supp. 114.)

I am of the opinion that the change of beneficiary was made effective in so far as it was possible by the insured, and that at the time of insured's death his wife, Agnes Carney, was the legal beneficiary of the policy in question and as such entitled to the death and other benefits therein provided.

Prepare findings accordingly.