HENRIETTA L. DIXON *vs.* NATIONAL LIFE INSURANCE
COMPANY.

Suffolk. ˙ January 26, 1897. — February 26, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Life Insurance — Assignment of Policy — Insurable Interest — Instructions —*
*Statute — Interpleader — Mortgage or Pledge.*

If the assignment of a policy of life insurance by the assured and his wife, to whom
it is made payable, is absolute and *bona fide*, it is not necessary in an action
thereon by the assignee that he should have an interest in the life insured,
either as between himself and the company, which makes no objection, or as
between himself and his assignors.

In an action on a policy of life insurance brought by the assignee thereof, a ruling
requested by the beneficiary named therein, who intervenes as a claimant, and,
who with the assured made the assignment, on the hypothesis that the assign-
ment was for security only, is made immaterial by the finding of the judge that
the assignment was absolute and *bona fide*.

The St. 1886, c. 281, in allowing a defendant, when it appears that the amount of his
liability, which is not in dispute, is claimed by another party than the plaintiff,
to compel the claimant or claimants to interplead, does not exclude an equitable
claim any more than interpleader proper; and the assignee of a policy of life
insurance standing as a claimant of the residue in equity of the proceeds of the
policy, in equity has a right to prove by parol that an assignment made by
him to another, although seemingly absolute, in fact was a mortgage or pledge.

CONTRACT, upon a policy of life insurance. Trial in the Supe-
rior Court, without a jury, before *Fessenden*, J., who made cer-
tain findings, to which each of two claimants who had intervened
under St. 1886, c. 281, alleged exceptions. The facts and find-
ings appear in the opinion.

*B. D. O'Connell*, for Maria L. Carr.

*F. E. Dunbar*, for Charles M. Erskine.

HOLMES, J. This is an action on a policy of life insurance
on the life of one William M. Carr, brought by an assignee of
the policy. The defendant admitted its liability, and paid the
money into court. Upon its petition the excepting parties,
Maria L. Carr, the original beneficiary of the policy, and Charles
M. Erskine, an assignee from the plaintiff, were summoned in
as claimants. The case was tried by a judge without a jury,
and he found that the first assignment was absolute and *bona*

*fide,* that the second was by way of security, and that the plaintiff was entitled to receive what was left after payment of the debt secured to Erskine.

Maria L. Carr excepted to the refusal of rulings as to the absence of insurable interest in the plaintiff. The short answer to these exceptions is, that upon the record and findings of the court it was not necessary that the assignee should have an interest in the life insured, either as between herself and the company, which makes no objection, or as between her and her assignors. *Mutual Ins. Co.* v. *Allen,* 138 Mass. 24. A ruling requested on the hypothesis that the assignment to the plaintiff was for security only was made immaterial by the finding of the judge.

The assignment to Erskine was absolute in form, like the earlier one, and he excepted to the admission of evidence of an oral agreement that it was given only as collateral security. It is plain that St. 1886, c. 281, in allowing a defendant in an action at law, " if it appears that such amount is claimed by another party than the plaintiff," to compel the claimants to interplead, does not exclude equitable claims any more than interpleader proper. *Underwood* v. *Boston Five Cents Savings Bank,* 141 Mass. 305, 306. The plaintiff stands as a claimant of the residue in equity, and in equity she has a right to prove by parol that the assignment, although seemingly absolute, in fact was a mortgage or pledge. *Newton* v. *Fay,* 10 Allen, 505. *Campbell* v. *Dearborn,* 109 Mass. 130. *Stevens* v. *Wiley,* 165 Mass. 402, 406.

*Exceptions overruled.*