RAHDERS, MERRITT & HAGLER v. PEOPLE'S BANK OF
MINNEAPOLIS and Others.[1]

February 17, 1911.

Nos. 16,964—(257).

**Insurable interest in life of partner.**
    A copartnership has an insurable interest in the life of one of the partners.

**Insurable interest in life of stockholder.**
    Whether a corporation has an insurable interest in the life of a stockholder is not decided. But an insurance contract, which has been issued and carried in good faith upon the life of a member of a copartnership, may be assigned by the copartnership to the corporation organized for the purpose of succeeding to the business.

**Parol assignment of policy.**
    An assignment by the beneficiary of a life insurance policy may be made by parol; no objection being interposed by the insurer.

Action in the district court for Hennepin county by plaintiff corporation against defendant bank and the administrators of H. G. Merritt, deceased, to recover from defendant bank the sum of $5,000, proceeds of two insurance policies on the life of decedent, deposited therein by the insurance company. The facts are stated in the opinion. The answer admitted that the business of the corporation of Rahders, Merritt & Hagler succeeded to all the assets and liabilities of the copartnership of that name; that the corporation continued to conduct the affairs of the copartnership; denied that at any time the lives of the several members of the partnership were insured for the benefit of the partnership, but alleged that on or about the time mentioned in the complaint there were issued two policies of insurance for $2,500 each upon the life of H. G. Merritt,

[1]Reported in 130 N. W. 16.

[Note] Insurance on life of officer of corporation for benefit of corporation, see note in 16 L.R.A.(N.S.) 1020.

payable to his estate. The bank did not answer. The case was tried before Dickinson, J., who made findings of fact, and as conclusion of law found that plaintiff was the owner of the $5,000 paid to defendant bank, and that defendant administrators had no right, title or interest in the fund; that plaintiff was entitled to judgment. From an order denying defendants' motion for a new trial, the administrators appealed. Affirmed.

*G. A. Will,* for appellants.

*Keith, Evans, Thompson & Fairchild,* for respondent.

LEWIS, J.

From 1890 until 1907, Rahders, Merritt & Hagler were copartners in business in North Dakota, under the name Rahders, Merritt & Hagler. In 1907 a corporation was formed with the same name. Each former partner became the owner of one-third of the capital stock, and the business of the copartnership was transferred to the corporation, which acquired all of the assets and assumed all of the liabilities. In 1900 Merritt took out $5,000 insurance on his life, payable to his estate, and delivered the policies to the copartnership, and after the corporation was formed they were scheduled among the assets and turned over to the corporation. The premiums were all paid by the copartnership until the corporation was formed, and then one premium was paid by the company. By the agreement of the parties the money due on the policies was paid by the insurance company to the People's Bank, and this action was brought to secure judgment in favor of the corporation.

The trial court found that, while said partnership was conducting said business, the lives of the several members were insured by said copartnership for the benefit of said firm in the sum of $5,000 on the life of each partner; that all of the premiums on the policies taken out on the lives of the members were paid by said partnership as an expense of its business, and that the policies so taken out were delivered to and kept in the possession of said partnership; that the policies taken out by Mr. Merritt by inadvertence were not transferred or formally assigned to said partnership or to said corporation, but that the same were at all times the property of said co-

113 M.—32.

partnership until the organization of said corporation, and thereafter were the property of said corporation, and were at all times recognized by said Merritt as part of the assets of said copartnership, and of said corporation after its organization, and were listed and included by said Merritt in the statement of assets of said copartnership which were transferred to said corporation upon its taking over the business and assets of said copartnership—and ordered judgment for the corporation.

The administrators of the estate appealed, but do not question the findings of fact. They claim the right to recover upon the following propositions of law: First, that there was no insurable interest in the two other members of the copartnership at the time the policies were issued; second, if there was an insurable interest, then it became extinguished on the formation of the corporation; and, third, any assignment or change in the beneficiary by parol would be an unauthorized alteration of the contract of insurance.

1. The question of insurable interest is fully discussed in Bacon, Life Insurance, §§ 248, 250, where the leading authorities are collected. Any reasonable expectation of pecuniary benefit or advantage from the continued life of another creates an insurable interest in such life. The essential thing is that the policy shall be obtained in good faith, and not for the purpose of speculating upon the hazards of a life in which the insured has no interest. Conn. Life Ins. Co. v. Schaefer, 94 U. S. 457, 24 L. ed. 251; Loomis v. Eagle, 6 Gray (Mass.) 396. It does not require a very great interest to take a case out of the objection of being a wager policy. Each member of a copartnership certainly has an interest in the continuance of the lives of his copartners, growing out of the partnership relation. The necessities of the business incur more or less liability, which might be serious financially if one were removed by death. Conn. Mut. Life Ins. Co. v. Luchs, 108 U. S. 498, 2 Sup. Ct. 949, 27 L. ed. 800. This is the general rule, and we hold that the partnership in question had an insurable interest in the life of Mr. Merritt.

2. Among the assets turned over by the copartnership to the corporation, upon its formation in 1907, were the Merritt insurance policies, and two other policies held by the partnership upon the lives

of the other two members. The three members of the copartnership were the charter members of the corporation, and the capital stock of $50,000 was divided equally among them, and so remained to the time of Mr. Merritt's death, at which time the corporation had paid one premium. The court found that the policies were issued for the benefit of the copartnership, and that the corporation when formed became the beneficiary. This is equivalent to finding that the contract of insurance was transferred, although there was no formal assignment of the policies. This finding was not attacked by the appellant; but it is denied that the corporation could legally become the beneficiary, because it had no insurable interest in the life of its stockholder, Mr. Merritt.

There is a great diversity of opinion on this question. In some jurisdictions it has been squarely held that a policy, though valid in its inception, is void in the hands of an assignee having no insurable interest in the life of the insured. Tate v. Commercial, 97 Va. 74, 33 S. E. 382, 45 L.R.A. 243, 75 Am. St. 770; Cheeves v. Anders, 87 Tex. 287, 28 S. W. 274, 47 Am. St. 107; Metropolitan v. Elison, 72 Kan. 199, 82 Pac. 410, 3 L.R.A.(N.S.) 934, 115 Am. St. 189; Bendet v. Ellis, 120 Tenn. 277, 111 S. W. 795, 18 L.R.A. (N.S.) 114, 127 Am. St. 1000.

The weight of authority, however, supports the rule that a policy, valid when issued, may be assigned as a chose in action to one having no insurable interest in the insured. Dixon v. National, 168 Mass. 48, 46 N. E. 430; Prudential v. Liersch, 122 Mich. 436, 81 N. W. 258; Steinback v. Diepenbrock, 158 N. Y. 24, 52 N. E. 662, 44 L.R.A. 417, 70 Am. St. 424; Rittler v. Smith, 70 Md. 261, 16 Atl. 890, 2 L.R.A. 844. The reasoning in support of this line of decisions is that the insured ought to be permitted to realize at any time on the value of his policy; that it is a species of property, and the value of life insurance as an asset would unnecessarily be lost, if not made assignable as other choses in action. Of course, good faith in the transaction is required, and the courts do not hesitate to condemn a policy issued for the purpose of having it assigned. See valuable note to Metropolitan v. Elison (Kan.) 3 L.R.A.(N.S.) 934. Our own court, in Brown v. Equitable L. A. S., 75 Minn. 412,

78 N. W. 103, 671, 79 N. W. 968, decided that a policy, valid when issued, was valid in the hands of a bank which had loaned money on it to the assignee of the insured.

The courts are not unanimous on the question whether a corporation has an insurable interest in its stockholders. An interesting discussion of this subject is found in Mechanicks v. Comins, 72 N. H. 12, 55 Atl. 191, 101 Am. St. 650. But that question is not directly involved here, and it is unnecessary to determine whether this corporation might have taken out a policy on the life of Mr. Merritt. These policies were issued in good faith to the copartnership, and acquired in good faith by the corporation, and on authority and on principle that company is entitled to collect the amount of the policies as assignee.

3. It only remains to notice appellant's third point, that the assignment, if made, was by parol, and contrary to the terms of the written contract. There are three answers to this objection: First, the writing—that is, the policies—do not forbid an assignment of the contract, and do not provide in what manner an assignment shall be made; second, the court found that the policies became the property of the corporation, and appellant does not question the fact; and, third, the insurance company admits its liability on the policies, and makes no objection to the method of the transfer or assignment, and as between the assignor and assignee an assignment by parol was sufficient. Hogue v. Minnesota Packing & Prov. Co., 59 Minn. 39, 60 N. W. 812.

Affirmed.

JAGGARD, J., took no part.