EVA POTVIN, administratrix, *vs.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, ADELE PATENAUDE & others, claimants.

Bristol. October 24, 1916. — November 28, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Interpleader. Insurance,* Life. *Assignment.*

In an action by an administratrix against a life insurance company upon a number of policies issued by the defendant upon the life of the plaintiff's intestate, if the defendant admits its liability to someone for the amounts named in the policies but certain persons other than the plaintiff have demanded payment of the insurance money to them respectively, it is proper for the defendant to file a petition of interpleader under R. L. c. 173, § 37, paying the money into court to await final judgment, stating the names and residences of the claimants and asking the court to order such claimants to be made defendants and thereupon to hear and determine the rights of the respective parties in and to the amount thus paid into court.

A man, who was employed in a store kept by two sons of his deceased sister, took out policies of insurance upon his life and asked his two nephews by whom he was employed to take the policies, to pay the premiums upon them and to help him if it ever became necessary. The nephews took the policies, paid the premiums upon them up to the time of the death of the insured and helped the insured two or three times when he asked them to do so. While these policies were in force the insured agreed with the widow of his deceased brother that each of them would have his and her life insured for the benefit of the other. His sister-in-law procured a policy on her life, and he obtained two policies on his life, one of which he delivered to his sister-in-law and the other to a niece, at the same time asking for the policy on his sister-in-law's life, which was delivered to him. These facts were known to the insurance company and all the premiums on these policies were paid respectively by his sister-in-law and his niece. The insured lived with this sister-in-law and niece at intervals for about three years, and they retained possession of the policies until his death. While all of these policies were in force the insured married, and on his death his widow became the administratrix of his estate, and brought an action on the policies against the company that issued them. That company paid the insurance money into court and by a petition under R. L. c. 173, § 37, caused the holders of the policies to be made defendants as claimants. *Held,* that the facts stated above warranted a finding that there was the equivalent of an unqualified oral assignment of each of the policies accompanied by delivery, which was sufficient to pass the title to each of the policies to the assignee as against the personal representative of the insured, and that the respective claimants were entitled to judgment.

In the same case it was *held,* that, as the insurance company made no objection to the assignments, the plaintiff could not complain that there had been no formal assignments or that the claimants had no interest in the life of the insured.

In the same case it was *pointed out* that there was nothing to indicate that any of the policies was a wagering contract.

In the same case it also was *pointed out* that an assignee of a life insurance policy need have no insurable interest in the life of the insured.

It is settled law in this Commonwealth that, in the absence of any evidence indicating that the transaction was intended as a wagering contract, it is not necessary that the beneficiary or the assignee of a life insurance policy should have an insurable interest.

CONTRACT by the administratrix of the estate of Zephirin Potvin of Fall River, who also was his widow, on seven policies of insurance upon the life of the plaintiff's intestate. Writ dated December 15, 1914.

The defendant filed a petition of interpleader under R. L. c. 173, § 37, admitting its liability upon the policies of life insurance described in the declaration in the sum of $1,235.87 in all, which sum was alleged not be to in dispute, setting forth the claims of the various persons named in the opinion, stating that the defendant had no interest in the matter in controversy and had paid the sum of $1,235.87 into court to await final judgment in the matter, and praying that the claimants might be made parties defendant and that thereupon the rights and interests of the plaintiff and the claimants to the amounts due upon the policies might be heard and determined.

The plaintiff demurred to the defendant's petition of interpleader. The demurrer was argued before *Dubuque*, J., who made an order overruling the demurrer and granting the petition that the claimants be made parties. The plaintiff appealed from the order.

Thereupon the claimants filed their respective claims.

The case was heard upon the merits by *Sanderson*, J., without a jury, on facts agreed in open court and upon offers of proof of facts made by the several claimants which the plaintiff, by her counsel, admitted that witnesses for the claimants would testify to and her inability to disprove so far as admissible and material. These facts are stated in substance in the opinion. The plaintiff asked the judge to make the following rulings:

"1. The claimants have not shown any such interest in the policies declared on as will give them a claim upon the fund."

"4. It does not appear that the claimants had any insurable interest in the life of the insured; and consequently the policies

if issued to them would have been wagering and speculative contracts and against public policy."

"7. The delivery of the policies to the claimants, who paid the premiums, even though under an agreement with the insured, gives them at best nothing more than a claim against the estate of the insured for the amount paid as premiums."

The judge refused to make any of these rulings, and found for the claimants. The plaintiff alleged exceptions.

The case was submitted on briefs.

*A. G. Weeks & S. M. Lamarre,* for the plaintiff.

*D. Silverstein,* for the claimants Olivine Potvin and Delia Lafleur.

*S. Rosenberg,* for the claimants Adele Patenaude, administratrix, and Solomon Patenaude.

RUGG, C. J.   This is an action of contract brought by an administratrix to recover upon seven policies of insurance issued by the defendant upon the life of her intestate.   The insurance company filed a petition of interpleader acknowledging its liability upon the policies, averring that certain other persons had demanded payment of it on the policies, and bringing the moneys due on the policies into court to await final judgment.

This procedure is within the express terms of R. L. c. 173, § 37, and was regular.   *Connecticut Mutual Life Ins. Co.* v. *Cook,* 219 Mass. 222, was a different kind of case.   The principle upon which it was decided does not prevent an adjudication of the rights of all parties to the present cause.   *O'Brien* v. *Ancient Order of United Workmen,* 223 Mass. 237, 241.

The plaintiff is the widow and administratrix of the estate of Zephirin Potvin, the insured, having been married to him after the issuance of all the policies here in question.   All these policies were issued upon the life of Zephirin, payable upon his death to his "executors or administrators," no other beneficiary being named in the policies except that payment by the insurer was authorized "to any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, for his or her burial or . . . for any other purpose."   But this clause is not here pertinent because the insurer has not acted under it.   Five of the policies were issued in 1906, when the insured was working with his nephews, sons of a deceased

sister, Solomon and Henry J. Patenaude, in the latter's store, and were immediately turned over to Solomon and Henry J., the insured asking them to take the policies, pay the premium, and help him, if it ever was necessary. They took the policies and paid the premiums, (except that the widow and administratrix of Henry paid after Henry's death,) and they helped the insured the two or three times when he requested it. Solomon Patenaude and the administratrix of the estate of Henry J. Patenaude, being still in possession of these policies, claim the amounts due upon them. Two of the policies were issued in 1911, when Zephirin, the insured, had a talk with Olivine Potvin, who was the widow of his deceased brother, about getting himself insured for her benefit, she to insure herself in the same company and the policies to be transferred and delivered each to the other. Zephirin caused the agent of the insurance company to be sent to her and she had a policy of the same form issued upon her own life. Later Zephirin brought two policies, which he had received from the company on his own life, and delivered them, one to Olivine Potvin and the other to Delia Lafleur, who was his niece, at the same time asking for the policy upon Olivine Potvin's life, which was delivered to him. In addition to the love and affection which existed between Olivine Potvin and Delia Lafleur with Zephirin, as relatives, there was the further consideration of the delivery to him of the policy on the life of Olivine Potvin, to which no claim of ownership is made by her at present. These facts were known to the insurance company. The premiums on these policies all were paid by Olivine Potvin and Delia Lafleur, who retained possession of the policies until after the death of Zephirin, when they delivered them to the insurance company with the understanding that they were to receive the money on the policies. The insured had lived with Olivine Potvin and Delia Lafleur at intervals for about three years.

The policies all were issued upon the life of Zephirin Potvin, to him as the insured. His interest in his own life supported each policy as an original contract when issued. The claimants were relatives of the insured by blood or connected by marriage. They had paid the premiums upon the policies in which they severally were interested. They had possession of the policies upon an oral agreement with the insured in substance to the effect that

they were to have the benefit of the policies in the event of his decease.

These facts warrant a finding that there was the equivalent of an unqualified oral assignment of each policy accompanied by its delivery. This was sufficient in the absence of a prohibition of such assignment to transfer a right to the assignee or assignees. *Leinkauf* v. *Calman,* 110 N. Y. 50. *Rahders* v. *People's Bank of Minneapolis,* 113 Minn. 496. *Evans* v. *Bulman,* 91 Md. 84, 87. *Nashville Trust Co.* v. *First National Bank,* 123 Tenn. 617, 627. It gave to the claimants at least an equitable interest in the policies. *Campbell* v. *New England Mutual Life Ins. Co.* 98 Mass. 381, 389, 400. *Herbert* v. *Simpson,* 220 Mass. 480. Since the insurance company makes no objection, the plaintiff cannot complain that there has been no formal assignment or that the claimants have no interest in the life of the insured. *Dixon* v. *National Life Ins. Co.* 168 Mass. 48.

The delivery of the policies under the circumstances here disclosed operated as an assignment of the beneficial interest in them to the exclusion of the personal representatives of the insured. *King* v. *Cram,* 185 Mass. 103. *Knowles* v. *Knowles,* 205 Mass. 290, 294.

There is nothing to indicate that the policies were wagering contracts. An assignee of a life insurance policy need have no insurable interest in the life of the insured. As was said by Hammond, J., in *Brogi* v. *Brogi,* 211 Mass. 512, at page 515, "The law in this Commonwealth has been settled, and it is now held, in accordance with what seems to be the great weight of authority, that in the absence of any evidence indicating that the transaction was intended as a wagering contract it is not necessary that the beneficiary or assignee should have an insurable interest." To the same effect is *Grigsby* v. *Russell,* 222 U. S. 149. This is enough for the decision of this case without intimating whether under the circumstances the claimants may have had an insurable interest.

The fact that the premiums were paid in the instant cases by the claimants under agreements distinguishes them from *Lewis* v. *Metropolitan Life Ins. Co.* 178 Mass. 52. The plaintiff's first, fourth and seventh requests for rulings rightly were denied, and the general finding for the claimants must stand.

The case has been decided on its merits and no question of practice need be considered. The demurrer rightly was not sustained and the exceptions must be overruled.

*So ordered.*