R. E. TAYLOR, W. A. EVERETT, JR., MARY LOUISE EVERETT, AND WILLIAM C. TAYLOR, BY HIS NEXT FRIEND, J. SAM GETSINGER, v. ROBERT L. COBURN, ADMINISTRATOR OF MAC G. TAYLOR, DECEASED, AND CHLOE TAYLOR, WIDOW.

(Filed 2 March, 1932.)

**1. Gifts A a—Choses in action may be subjects of valid gifts where sufficient delivery to donee is made.**

Choses in action may now be the subjects of valid gifts and their delivery by the donor is sufficient if the donor's surrender of the property is complete and his dominion and control of it relinquished, but delivery may be actual, constructive, or symbolic, and no absolute rule as to the sufficiency of delivery, applicable to all cases, may be laid down.

**2. Same—Insurance policy may be given away by parol, and its actual delivery to donee is not indispensable to the gift.**

Where an administrator of a deceased is sued for the amount of an insurance policy paid into his hands by the insurer, the plaintiffs claiming that the policy had been given them by the deceased with instructions to pay the premiums thereon as they matured which they had done, and it appears that the deceased had deposited the policy with the insurer to secure money borrowed thereon: *Held*, the administrator's motion as of nonsuit was properly refused, since an insurance policy may be given away by parol and its actual delivery is not indispensable to the gift, and the provisions of the policy relative to assignment are for the benefit of the insurer whose rights are not involved, the amount of the policy having been already paid, and the court properly submitted the question of the sufficiency of the delivery to the jury under instructions which are free from error.

APPEAL by defendants from *Barnhill, J.,* at November Term, 1931, of MARTIN.

The Union Central Life Insurance Company of Cincinnati issued two life insurance policies to Mac G. Taylor, each in the sum of $1,000, in both of which Bettie Taylor, his wife, was named as beneficiary. The policies were numbered respectively 242203, and 495306. The beneficiary, Bettie Taylor, died in August, 1918, and in December, 1919, Mac G. Taylor intermarried with the defendant, Chloe Taylor. After the latter marriage Taylor made Chloe Taylor the beneficiary in policy 495306. In the other policy no change of beneficiary was made except as affected by the terms of the policy.

Taylor borrowed from the Union Central Life Insurance Company of Cincinnati the sum of $280 and deposited with the company the policy numbered 242203 as security for its payment.

After the death of Mac G. Taylor the insurance company paid to his administrator the sum of $1,256.38 on account of policy 242203 and the money is now on deposit for disbursement according to law.

The plaintiffs brought suit against the defendants for the recovery of the amount paid on the policy alleging that Mac G. Taylor during his lifetime gave them the policy in question and instructed them to keep the premiums paid as they matured. They allege that in obedience to the instructions of the insured they, with the assistance of the defendant Chloe Taylor, paid the premiums and that the plaintiffs other than W. A. Everett, Jr., are entitled as against the administrator of Mac G. Taylor to the amount paid on such policy. On the pleadings filed and the evidence introduced the jury returned the following verdict:

1. Did Mac G. Taylor, deceased, give and assign policy of insurance on his life with the Union Central Life Insurance Company No. 242203 to the plaintiffs, other than W. A. Everett, on condition that the plaintiffs pay the accruing installments thereon? Answer: Yes.

2. If so, did the plaintiffs, other than W. A. Everett, in compliance with said gift thereafter pay or procure to be paid said accruing installments? Answer: Yes.

3. Is the defendant, Chloe Taylor, now estopped to assert any interest in said policy as the distributee of the estate of Mac G. Taylor, deceased? Answer: Yes (by consent).

It was thereupon adjudged that the plaintiffs, other than W. A. Everett, Jr., recover of the defendant Robert L. Coburn, administrator, the sum of $1,256.38 with interest from 23 November, 1931, and the cost of the action. The defendants excepted and appealed.

*Elbert S. Peele and Coburn & Coburn for appellants.*
*A. R. Dunning for appellees.*

ADAMS, J. The defendants have abandoned all assignments of error except that of the court's refusal to dismiss the action. The motion is founded on the theory that a person whose life is insured cannot make a voluntary gift of a policy without delivering the policy or reducing the transaction to writing or conforming to the stipulations contained in the policy.

It was stipulated that if the policy should be assigned or given as security a duplicate of the assignment should be filed at once with the company and that due proof of interest should be produced when the policy became payable. The evident object of these provisions was the protection of the company; but as the policy has been paid and the company relieved of liability the controverted point is whether the plaintiffs or the administrator is entitled to the fund. The contest between these parties raises the two questions whether a policy of insurance can be given away by parol and whether its actual delivery to the donee is indispensable to the gift.

By the early common law gifts of choses in action were not permitted, the theory being that they were not susceptible of delivery; but the rule is now established that choses in action may be the subject of a valid gift. Accordingly it is generally held that a gift of an insurance policy may be made by delivery without a written assignment. Because delivery of an article may be actual, constructive, or symbolic, no absolute rule, applicable to all cases, can be laid down. It is a settled principle, however, that the donor's surrender of the property must be complete and his dominion and control of it must be relinquished. The principle was clearly stated in the instructions given the jury and has the general support of the authorities. 28 C. J., 645, sec. 39, 657, sec. 60; 12 R. C. L., 935, sec. 12, 943, sec. 20; *Opitz v. Karel,* 99 A. S. R., 1004 and 62 L. R. A., 982; *Gledhill v. McCoombs,* Ann. Cas., 1914D, 294 and annotation; *Wilson v. Featherston,* 122 N. C., 747; *Parker v. Mott,* 181 N. C., 435.

No error.