# DAVID REDDEN v. PRUDENTIAL LIFE INSURANCE COMPANY.[1]

January 11, 1935.

No. 30,079.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly, George W. Jansen,* and *Gallagher, Madden & Gallagher,* for appellant.

*H. H. Sturner,* for respondent.

[1]Reported in 258 N. W. 300.

HOLT, JUSTICE.

Defendant appeals from the judgment.

The action was to recover on a life insurance policy issued and delivered by defendant to plaintiff's father, Albert Redden, payable to his executor or administrator. Plaintiff claims that his father for a valuable consideration assigned and delivered this policy to plaintiff. Defendant denies this, and as defense sets up that one Rhoda Bunn was duly appointed administratrix of the estate of Albert Redden, deceased; that she brought suit on the policy in the state of Wisconsin, against this defendant, and obtained a judgment, which defendant has satisfied and paid. There were findings in favor of plaintiff, upon which the judgment appealed from was entered.

The assignments of error challenge the several findings of fact as not being sustained by the evidence and the conclusions of law as not justified by the findings of fact. As we view the record, the only finding of fact at all subject to attack is this:

"That in the fall of 1928, for a valuable consideration to him paid, said Albert Redden duly gave and assigned to his son, this plaintiff, all his right, title and interest in and to said policy of insurance and plaintiff has been in possession of said policy ever since."

If that finding of fact is supported by the evidence, then the attack upon this conclusion of law is not justified:

"That said policy of insurance was duly assigned and delivered to said plaintiff for a good and valuable consideration and that thereby all the right and interest of said Albert Redden, deceased, passed to this plaintiff, who is justly entitled to the proceeds of said policy upon the death of said Albert Redden when plaintiff made proof of his said claim to said defendant."

The evidence was this, in short: That Albert Redden, the insured, had lived and worked in Faribault. He was past 70, was out of work, and had no means, when in 1928, plaintiff, who lived in Waseca, went to Faribault and brought the insured to plain-

230

tiff's home, where he lived in the family for nearly a year; that the insured was unable to obtain work; that plaintiff and his family were destitute and about to need public aid; that the insured and plaintiff talked over the situation in presence of plaintiff's wife and children; that the insured spoke of this insurance policy and stated to plaintiff that he should have it when the insured died and gave him the key to a rented safe deposit box in a bank at Faribault; and the "pass book" in which defendant entered the weekly premium, collected by it on the policy; and that the policy there remained until after the death of the insured, when plaintiff, at the request of defendant's agent, went to the bank, and, with the key received from the insured, opened the safe deposit box and took therefrom the policy, gave the same to defendant's agent, and received from him a receipt reading:

"4/5/32

"Received in the offices of the Citizens National Bank in the presence of David Redden and John McLoone, one insurance policy No. 56,806,527. It is hereby understood that I am holding this policy for safe-keeping only and am holding same until it is determined to whom said policy shall be paid.

"Receipt of copy of this agreement is hereby acknowledged by David Redden.

"John McLoone.          [Signed]    O. G. Schamber.

"David Redden."

It does not appear that there was any paper in the safe deposit box other than this policy. Nor does it appear that the insured had any key that could give him access to the policy. Plaintiff testified that the key, the "pass book," and the rent receipts for the safe deposit box were all in his possession continuously from the time his father delivered the same to him until he gave the policy to defendant's agent. There was no testimony contradicting that of plaintiff, his wife, and daughter to the effect above stated, viz.: That the insured gave the policy to plaintiff in consideration for the necessities furnished when he lived with the family.

It seems to us that the trial court could well find from this evidence that the policy was duly assigned and delivered to plaintiff for a valuable consideration. The insured, by giving to plaintiff the only key to the receptacle where the policy was kept, delivered the policy to him. The insured never took any further interest in the policy or the safe deposit box, paying no more premiums on the policy or rent for the box. By the great weight of authority, a life insurance policy is the subject of a gift *inter vivos* and transferable by delivery without written assignment. See First Nat. Bank v. Thomas, 151 Md. 241, 134 A. 210, and the annotation thereon, 47 A. L. R. 730. In 12 R. C. L. 943, it is said:

"The general if not universal rule is that a policy of insurance on the life of the donor may be made the subject of a gift in the same manner as any other chose in action. All the essential elements of a valid gift must be present. There must be a complete and absolute surrender of all power and dominion over the policy, and there must be an intention on the part of the donor to part absolutely with the title."

In the instant case the complete and absolute surrender of all power and dominion over the policy is clearly shown by the delivery of the key to the receptacle containing the policy, with the "pass book" and rent receipts for the box; and the intention of the insured to part absolutely with all title to the policy is not only inferable from the facts just stated but also from his subsequent conduct in not paying the subsequent weekly premiums on the policy or the subsequent annual rent for the safe deposit box. To the authorities already cited may be added Prudential Ins. Co. v. Deyerberg, 101 N. J. Eq. 90, 137 A. 785; Taylor v. Coburn, 202 N. C. 324, 162 S. E. 748; McGlynn v. Curry, 82 App. Div. 431, 81 N. Y. S. 855; Opitz v. Karel, 118 Wis. 527, 95 N. W. 948, 62 L. R. A. 982, 99 A. S. R. 1004; Metropolitan L. Ins. Co. v. Dunne (D. C.) 2 F. Supp. 165. That there was a consideration received for the policy should not make the transfer thereof less effective than if a pure gift. Defendant cites Steele v. Gatlin, 115 Ga. 929, 42 S. E. 253, 59 L. R. A. 129, where the court places the decision on the

ground that the Georgia code requires an assignment of a life insurance policy to be in writing. Weaver v. Weaver, 182 Ill. 287, 55 N. E. 338, 74 A. S. R. 173, was decided upon a fact not present in the case at bar. Ingersoll v. Pond, 108 Va. 179, 60 S. E. 738, we think not adverse to the position of plaintiff herein, for here was not only delivery of the "pass book" but, what is more significant, the delivery of the key to the box containing the policy, and surrendering all control of the box and policy to plaintiff.

In view of this statement of defendant's counsel during the trial: "It is conceded that the policy was issued and that a certain amount was due to somebody. I guess there is no controversy as to the amount, is there, Mr. Sturner, either? It is $182, or something like that?" scant attention should be given to the finding that plaintiff furnished proofs of death and of the assignment. It was shown that defendant's agent sought out plaintiff so as to obtain the policy, and the receipt the agent gave conveys the thought that defendant had proofs of death and that the only thing to be determined was as to whom the amount due on the policy should be paid.

The insured died in May, 1931. In April following defendant's agent obtained the policy from plaintiff. Defendant from that time on knew that plaintiff claimed the proceeds of the policy. Yet, when some months thereafter, the administratrix brought her action against defendant, no effort was made to have plaintiff brought in. Nor was there a judgment in that action until after plaintiff brought this action. So the finding that defendant had full notice of plaintiff's claim before the judgment was rendered against defendant in the Wisconsin suit is amply sustained. It is obvious that that judgment and its payment after this action was begun affords defendant no legal defense herein.

The judgment is affirmed.