## JANESVILLE STATE BANK v. AETNA LIFE INSURANCE COMPANY AND ANOTHER.[1]

June 18, 1937.

No. 31,274.

*O'Brien, Horn & Stringer* and *McNeil V. Seymour,* for appellant Aetna Life Insurance Company.

*Northey & Nelson,* for appellant Clara Hofmann.

*Moonan & Moonan* and *Gallagher & Madden,* for respondent.

LORING, JUSTICE.

This was a suit to recover the benefits of a $2,000 life insurance policy upon the life of Emil L. Hofmann which was in the hands of the plaintiff bank at the time of Hofmann's death. At the time of his death Hofmann was indebted to the plaintiff in a sum in ex-

[1]Reported in 274 N. W. 232.

cess of $2,000. From a judgment in favor of plaintiff against both defendants this appeal is taken.

June 18, 1932, Hofmann, being indebted to the defendant bank, left with it the life insurance policy here in question. His wife, Clara, the other defendant in this action, was named beneficiary therein. No written assignment was made of the policy, but on the same day the bank wrote the defendant insurance company asking for blank forms customarily used for assigning policies. The company forwarded the assignment forms to the bank on June 21, 1932, and wrote asking that Hofmann's wife join in the execution of the assignment forms. Mrs. Hofmann did not join in the execution of the forms, and Hofmann did not execute a written assignment. March 10, 1933, the defendant insurance company wrote the plaintiff bank asking if the policy had been assigned to it and if so to furnish the company with a duplicate of the assignment. The bank wrote back stating that Hofmann had not executed the assignment papers. Hofmann died July 13, 1934, while the policy was still in effect.

July 28, 1934, the insurance company wrote the bank stating that its files indicated that the bank was holding the policy as collateral and asking whether or not it still had an interest in Hofmann's policy, as Mrs. Hofmann was making claim under it. August 7, 1934, the insurance company wrote the bank acknowledging receipt of a "claimant's statement" on behalf of the bank and stating that the insurance company was advising Mrs. Hofmann of the bank's claim. In the meantime the insurance commissioner had evidently exerted some pressure on the company, and August 29, 1934, it wrote the bank stating that unless restrained from so doing it was paying the proceeds of the insurance policy to the beneficiary, the widow. September 13, 1934, hearing nothing from the bank, the amount of the policy was paid over to the widow. This action followed.

Appellants' argument may be divided into four main contentions: (1) That there was no evidence to support a finding that there was an assignment of the policy to the bank; (2) that, since the widow did not consent to an assignment, her rights as beneficiary were not defeated by the alleged assignment; (3) that the company did

not waive the proviso (No. 15) of the policy which provided: "no assignment of this policy shall be binding upon the company unless and until the original or a duplicate thereof is filed at its Home Office"; and (4) that the insurance company was misled to its prejudice by the bank's failure to act upon receipt of the letter from it dated August 29, 1934.

The respondent takes the position that, as found by the trial court, the policy was pledged to it as collateral and that, respondent having given notice of its possession of the policy as collateral security, its rights could not be cut off by its failure to bring proceedings to restrain payment in response to the letter of August 29.

From the conceded facts it is apparent that the insurance policy was deposited with the bank on account of Hofmann's indebtedness to it. When a debtor deposits property with his creditor there is a presumption that it was deposited as collateral security for the debt. 21 R. C. L. p. 633; 49 C. J. p. 908. The question here is as to the nature of this deposit.

Appellants insist that there was no evidence to support a finding of an assignment of the policy to the bank and, if there was such evidence, that there could be no oral assignment that would bind the insurance company. We are inclined to share that view but think it not here material. The trial court found the deposit with the bank to be a pledge, and we think the evidence justifies such a finding. That an insurance policy that reserves to the insured the right to change the beneficiary may be assigned, without the consent of the beneficiary, is not open to serious question. Potter v. Northwestern Mut. L. Ins. Co. 216 Iowa, 799, 247 N. W. 669; and see cases cited in 60 A. L. R. 191, 193; and we think it necessarily follows that such a policy may be the subject of a valid pledge by the insured without the beneficiary's consent. See Redden v. Prudential L. Ins. Co. 193 Minn. 228, 258 N. W. 300 (gift). It has been held, and we think correctly, that where there is a prohibition in a policy forbidding the assignment of a policy of insurance without the consent of the insurer the policy may still be the subject of a valid pledge. Ellis v. Kreutzinger, 27 Mo. 311, 72 Am. D. 270; Travelers' Ins. Co. v. Healey, 19 Misc. 584, 44 N. Y. S. 1043; and

in a Wisconsin case (Opitz v. Karel, 118 Wis. 527, 95 N. W. 948, 62 L. R. A. 982, 99 A. S. R. 1004) it was held that a clause in an insurance contract like the one here before us did not prevent a valid gift of the policy.

Under provision No. 10 in the policy before us there appears this provision:

"* * * the sum insured will be payable under the terms hereof only upon receipt by the company of this policy duly released."

In our opinion, provision No. 15 was designed to advise the insurer of policy assignments, and provision No. 10 was to advise it of any other claim under the policy and protect it from paying the policy twice where the insured had placed the policy out of the possession of the beneficiary by pledge or gift. The insurance company here had notice of the bank's claim that it was holding the policy as security, and the company could have insisted that the beneficiary comply with policy provision No. 10 and produce the policy "duly released" before paying the death benefit to her. The company failed to take advantage of that provision and apparently waived it in favor of Mrs. Hofmann. It could not thus prejudice the bank's rights.

As to the claim that the bank is estopped by its failure to act upon receipt of the letter of August 29, 1934, from the insurance company advising the bank that unless enjoined from so doing the insurance company would pay the policy to the beneficiary, we are not persuaded. No estoppel was alleged. The bank had given the company notice that it had possession of the policy "as collateral." The company's letter of July 28, 1934, acknowledges such to be the case. We do not think that mere failure to commence some legal proceedings in response to the letter of August 29, 1934, amounted to a voluntary waiver of the bank's right. The insurance company had open to it a perfectly simple way to protect itself from paying the policy twice. It chose not to avail itself of such protection.

Affirmed.

Mr. Chief Justice Gallagher and Mr. Justice Stone took no part in the consideration or decision of this case.