# IDA NELSON PEEL v. JOHN REIBEL.[1]

June 16, 1939.

No. 32,056.

*George G. Chapin,* for appellant.
*Smith & Whitacre,* for respondent.

[1]Reported in 286 N. W. 345.

STONE, JUSTICE.

The one issue is whether plaintiff, in her own right as donee from the insured of a policy of life insurance, or the administrator of the estate of the deceased insured, is entitled to the proceeds of the policy. The verdict was for plaintiff. Defendant appeals from the order denying his alternative motion for judgment notwithstanding or a new trial.

As of August 1, 1937, the First National Bank of St. Paul insured the lives of a group of its employes under a "group" policy issued by the Minnesota Mutual Life Insurance Company. The "master policy" was issued and delivered to the bank. Each of the insured employes got a certificate to evidence the fact and amount of insurance on his own life. Decedent, George A. Peel, was one of the employes so insured. He died October 29, 1937. He had designated, and his certificate recited, that the beneficiary of his insurance should be the "executors or administrators" of his estate.

■ The case for plaintiff is based as to its law upon the general rule that a policy of life insurance may be the subject of a valid gift, like any other chose in action. Rahders, Merritt & Hagler v. People's Bank, 113 Minn. 496, 130 N. W. 16, Ann. Cas. 1912A, 299; Redden v. Prudential L. Ins. Co. 193 Minn. 228, 258 N. W. 300; Janesville State Bank v. Aetna L. Ins. Co. 200 Minn. 312, 274 N. W. 232, 111 A. L. R. 705. See 12 R. C. L. p. 943, § 20.

Conceding the rule, defendant's argument is that the evidence fails as matter of law to establish a gift from Peel to plaintiff. With that we cannot agree. There is evidence that Peel made a manual delivery of his certificate to plaintiff, accompanied by declarations upon which the jury could easily have inferred his intention to make the transfer absolute and unconditional. That is, the jury could have found (and did so) all the legal elements of a completed gift.

After plaintiff received the policy she put it into a trunk to which Peel, as well as herself, had access. Thereafter he did remove from the trunk some of his personal effects. He did not take the policy.

The manual transfer of possession, accompanied by declarations indicating intention to make an unconditional gift, was adequately shown by evidence.

Such cases as Ward v. New York L. Ins. Co. 225 N. Y. 314, 321, 122 N. E. 207, are distinguishable for the simple reason that the combinations of circumstances relied upon to establish the gift were found to be lacking in one or more of the essentials. For example, in the Ward case there was no delivery of possession. The supposed donor had "never done anything * * * to give * * * control of the policy" to the one claiming as donee.

■ Neither can we go along with the argument for defendant that because the insurance was upon a "whole group" of the bank's employes the certificate evidencing Peel's share therein was any the less assignable than the ordinary life policy. As each employe was insured he became a donee beneficiary of the main contract of insurance. 2 Williston, Contracts (Rev. ed.) § 369, p. 1080, *et seq.;* Restatement, Contracts, § 134, Illustration 4. His own certificate therefore evidenced a chose in action for the benefit of himself or any assignee, including one by valid gift.

That conclusion is buttressed by the fact that each insured employe had the right "from time to time" to change his beneficiary, subject to any existing assignment.

There is nothing in master policy or employe's certificate giving the bank as employer any right to limit or control the employe's right of assignment—nothing which conditions that right upon the consent or approval of the bank.

■ The master policy did contain the provision that no assignment of any of the individual insurance "shall be binding upon the Company until the original or a duplicate thereof shall be filed at the Company's Home Office." Such provisions are for the benefit of the insurer. They are held not to limit otherwise the power of the insured, unless prevented by the interest of a beneficiary, to dispose of a policy by assignment or gift. Janesville State Bank v. Aetna L. Ins. Co. 200 Minn. 312, 274 N. W. 232, 111 A. L. R. 705. In Peel's case the beneficiary was his own estate.

■ Finally, it is urged that there was no valid gift because plaintiff had no insurable interest in Peel's life. In that connection it is frankly conceded "that the prevailing view is that where the assignment is made in good faith and not as a mere cover [for taking out insurance in the beginning in favor of one without insurable interest], an insurable interest is unnecessary." See 2 Williston, Contracts (Rev. ed.) § 417, p. 1196; Annotation, 73 A. L. R. 1036.

Our own cases indicate our leaning to that view. Rahders, Merritt & Hagler v. People's Bank, 113 Minn. 496, 130 N. W. 16, Ann. Cas. 1912A, 299. Anyway, it is the one we adopt for this case although there are cases holding the other way. See A. L. R. annotation, *supra*.

If there were proof that Peel procured his insurance with a view to making plaintiff, with no insurable interest in his life, the beneficiary, we would have a different problem. With such evidence lacking, absence of insurable interest in the donee becomes immaterial. To hold otherwise would by implication put upon the insured's right of disposition of his policy conditions which are justified neither by law nor by the contract.

Order affirmed.

MR. JUSTICE HILTON, being incapacitated by illness, took no part.