NUNZIATO ABBRUZISE, executor, *vs.* ANGELINA SPOSATA & others.

Worcester.    May 8, 1940. — May 28, 1940.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Insurance*, Life: assignment.

A finding of an oral or equitable assignment of a policy of life insurance in which no beneficiary had been designated was warranted where it appeared that the policy was delivered to and retained in possession by the assignee, daughter of the insured, who had paid the premiums thereon for several years and had furnished food and care to the insured, that both the insured and the daughter were ignorant of legal terms and that they intended that the daughter should receive the insurance on the death of the insured and believed that she would.

A provision in a policy of life insurance with no designated beneficiary, that any assignment of the policy should be void, was inserted for the benefit of the insurance company, and, where it acknowledged its liability and willingness to pay as the court directed, the assignee under an oral assignment by the insured prevailed against the executor of his will.

PETITION IN EQUITY, filed in the Probate Court for the county of Worcester on June 28, 1939.

The case was heard by *Atwood, J.,* and in this court was submitted on briefs.

*C. Toscano & H. Zarrow,* for the respondent Sposata.

*Nunziato Fusaro & Nicholas Fusaro,* for the petitioner.

RONAN, J. This petition in equity under G. L. (Ter. Ed.) c. 215, § 6, was brought in the Probate Court for the county of Worcester by the executor of the will of Giuseppe Abbruzise against Angelina Sposata (the stepdaughter of the testator), and two insurance companies, which had issued policies upon the life of the testator, to establish ownership in the policies, and for a decree ordering the insurance companies to pay the proceeds to the petitioner. The respondent Sposata appealed from a final decree declaring that she was entitled to receive the proceeds of the four policies issued by the Prudential Insurance Company of America, and that the petitioner was entitled to receive the proceeds of the five policies issued by the Metropolitan Life Insurance Company.

In the absence of a report of the evidence the findings contained in the report of the material facts made by the judge must be accepted as true, *Hanson* v. *Hanson,* 287 Mass. 154; *Knapp* v. *Meehan,* 287 Mass. 573, 575, and the issues upon this appeal are whether these findings are consistent with each other and supported the decree. *Lannin* v. *Buckley,* 256 Mass. 78. *Atwood* v. *Atwood,* 297 Mass. 229, 231–232. Sposata is the only appellant and our inquiry is, accordingly, limited to that portion of the decree dealing with the policies issued by the Metropolitan Life Insurance Company. The judge found that there were five policies issued by the company, which acknowledges its liability and is willing to pay the proceeds as the court may

determine; that there were no named beneficiaries in any of these policies; that each policy contained a provision that "any assignment or pledge of this Policy or of any of the benefits thereunder shall be void and of no effect"; that Sposata furnished the testator with food and care, as did the petitioner and other relatives; and that Sposata had possession of all the insurance policies and paid the premiums on the policies now in question after her mother's death in 1928. He further found that the testator and Sposata intended and believed that she would receive the insurance on his death; that both of them were ignorant of legal terms; and that he intended to make an oral or equitable assignment to her of the policies and the benefits thereunder, in consideration of the premiums paid, the services rendered and to be rendered, and the food furnished and to be furnished by her to him.

All of these policies, in which no one was designated as a beneficiary, could by parol be assigned by the testator to his stepdaughter for a valuable consideration if he intended that the title should vest in her as assignee, and the equitable interest thus acquired can be enforced against the estate of the assignor. *Hewins* v. *Baker,* 161 Mass. 320. *Sloan* v. *Breeden,* 233 Mass. 418. *Tartakin* v. *Stitt,* 263 Mass. 274, 278. She retained possession of the policies by virtue of the assignment from the testator. No one other than the testator had any interest in these policies and his rights passed under the assignment to Sposata. The effect of the assignment was to exclude the personal representatives of the testator from any interest in the policies. *Knowles* v. *Knowles,* 205 Mass. 290, 294. *Potvin* v. *Prudential Ins. Co.* 225 Mass. 247, 251. *Chartrand* v. *Chartrand,* 295 Mass. 293.

But the provisions in the policy that an assignment or pledge shall be void and of no effect were inserted for the benefit of the company, which does not insist on the rights thereby reserved to it and acknowledges its liability upon the policies and expresses its willingness to pay the proceeds in accordance with the decree of the court. *Merrill* v. *New England Ins. Co.* 103 Mass. 245, 252. *Herman* v.

*Connecticut Mutual Life Ins. Co.* 218 Mass. 181, 185. *Potvin* v. *Prudential Ins. Co.* 225 Mass. 247, 249. *Goldman* v. *Moses,* 287 Mass. 393, 397.

The controversy, then, is limited to the estate and Sposata, and, the assignment from the testator to her being valid, the decree must be reversed and a new decree entered ordering the payment to her not only of the four policies issued by the Prudential Life Insurance Company of America but also of the five policies issued by the Metropolitan Life Insurance Company.

*Ordered accordingly.*