COLLOTON, Circuit Judge,
concurring in the judgment.
The dispositive question on this appeal is whether the life insurance policy issued by *872 PHL Variable Insurance Company on the life of William Close is void ab initio as against public policy under Minnesota comrpon law. The district court ruled that PHL’s challenge to the policy was not time-barred under the Minnesota incontestability statute, Minn.Stat. § 61A.03, subd. 1(c), on the view that a policy issued to one lacking an insurable interest is void from inception, so if the claim has merit, the policy’s incontestability provision never came into force and has no effect. See Lincoln Nat’l Life Ins. Co. v. Joseph Schlanger 2006 Ins. Trust, 28 A.3d 436, 440 (Del.2011). Bank of Utah does not appeal this ruling, and any challenge to the timeliness of PHL’s challenge is therefore waived. Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir.2008).
This appeal is governed by Minnesota law. In my view, the district court in Sun Life Assurance Co. of Canada v. Paulson, Civil No. 07-3877, 2008 WL 451054 (D.Minn. Feb. 15, 2008), was correct in its prediction that “the Minnesota Supreme Court would consider a life insurance policy void as against public policy if the policy was procured under a scheme, purpose, or agreement to transfer or assign the policy to a person without an insurable interest in order to evade the law against wagering contracts.” Id. at *2 (internal quotation omitted). The stated rule is the better reading of the Minnesota Supreme Court’s considered dicta on the subject in Peel v. Reibel, 205 Minn. 474, 286 N.W. 345 (1939) and Rahders, Merritt & Hagler v. People’s Bank of Minneapolis, 113 Minn. 496, 130 N.W. 16 (1911). In Rahders, the court emphasized that “good faith in the transaction is required, and the courts do not hesitate to condemn a policy issued for the purpose of'having it assigned.” 130 N.W. at 17. In Peel, the court said that an assignment of life insurance is valid if “made in good faith and not as a mere cover [for taking out insurance in the beginning in favor of one without insurable interest].” 286 N.W. at 346 (emphasis added). The Minnesota court thus has stated its view that the case for declaring an insurance contract void in these circumstances is free from doubt. The Paulson rule, moreover, was expressly accepted by appellant Bank of Utah in this case. Appellant’s Br. 20-21 & n.9. The Bank never urged the contrary position adopted by the court, and PHL had no occasion to address it.
In applying the Minnesota rule to the record in this case, however, PHL is not entitled to summary judgment. To establish that an insurance contract is void ab initio as a cover for a wagering contract, the Minnesota court likely would require an insurer to show that the scheming parties agreed that the insured would resell the policy to an identified person without' an insurable interest. A broader rule— that the insurer need only show that the parties intended that the insured would resell the policy to someone without an insurable interest — would interfere with the ability of insureds to use premium financing, and could not meaningfully be distinguished from the generally accepted rule that permits an insured to purchase a life insurance policy with his own funds while harboring a unilateral intent to resell the policy to a stranger. See Grigsby v. Russell, 222 U.S. 149, 155-56, 32 S.Ct. 58, 56 L.Ed. 133 (1911). The district court thought it undisputed that Close intended to transfer the policy to “a third party lacking an insurable interest on his life,” R. Doc. 174 at 23, but that conclusion is insufficient to render judgment for PHL..
On the contrary, my assessment of the record leads to the conclusion that Bank of Utah is entitled to judgment, because there is no evidence that Close intended from the outset to transfer the policy to CFC of Delaware, the premium financing *873 company, or to New Stream, the entity that funded the loans to Close and ultimately acquired the policy. The evidence shows at best that Close intended to sell the policy to an unknown third party on the secondary market. Close’s wife testified that the agent who marketed the poli-. cy explained that he would look for an investor to buy the policy within two years of issuance. Close himself eventually asked the agent to sell the policy while it was in force. PHL does not urge on appeal that Close intended all along to transfer the policy to CFC or New Stream. It relies instead on a different rule of law, one that would declare the policy void even if the parties had different intentions about how the policy would be transferred to an investor. Appellee’s Br. 35. But that is not the rule that the Minnesota courts likely would adopt. Because there is insufficient evidence to establish that the parties agreed to resell the life insurance policy to an identified person, Bank of Utah is entitled to judgment.
For these reasons, I concur in the judgment.